1

2                          UNITED STATES DISTRICT COURT

3                                DISTRICT OF NEVADA

4                                      * * *

5   INTERNATIONAL BROTHERHOOD              Case No. 2:14-cv-00043-APG-GWF
    OF TEAMSTERS, AIRLINES DIVISION;
6   AIRLINE PROFESSIONALS
    ASSOCIATION OF THE IBT, LOCAL          ORDER FOR SUPPLEMENTAL BRIEFING
7   UNION NO. 1224,

8                     Plaintiffs,

9         v.

10  ALLEGIANT AIR, LLC; ALLEGIANT
    TRAVEL COMPANY,
11
                      Defendants.
12

13

14        On June 3–5, 2014, I held an evidentiary hearing on Plaintiffs' motion for a preliminary

15  injunction.[1]  Based on the legal arguments and evidence presented, I preliminarily determine that

16  (i) the Allegiant Air Pilot's Advocacy Group ("AAPAG") was the Allegiant pilots'

17  "representative" under Section 1, Sixth of the Railway Labor Act ("RLA"), 45 U.S.C. § 151,

18  Sixth; (ii) the 2010 Pilot Work Rules Agreement ("PWR")[2] constitutes a binding agreement for

19  purposes of the RLA; and (iii) this Court has subject matter jurisdiction to enter an injunction to

20  maintain the status quo as of the date of Plaintiffs' RLA "§ 6 Notice" because Allegiant has not

21  presented any arguments as to why its alleged violations of the status quo were "arguably

22  justified" by the terms of the PWR, such terms including the actual, objective working conditions

23  that existed before the filing of the § 6 Notice.

24        Allegiant briefly mentioned the issue of jurisdiction in its opening statement of the

25  evidentiary hearing, and the parties discussed the issue in their respective closing arguments.

26  _____

27        [1] (Dkt. No. 51.)

28        [2] (Dkt. No. 51-5 at 8–58.)

1    However, neither party included any analysis of this issue in their written briefs.  Thus, I require

2    supplemental briefing to assist my analysis of subject matter jurisdiction.  I instruct the parties to

3    base their analyses on the standard for "major" and "minor" disputes set forth by the Ninth

4    Circuit in *Association of Flight Attendants, CWA, AFL-CIO v. Mesa Air Group, Inc.*[3]

5        If this Court has subject matter jurisdiction, my preliminary inclination is to enter an

6    injunction with the following terms:

7
8
9
10
(1) Allegiant shall reinstate the loss-of-medical-certificate program, in accord with the PWR.  Specifically, Allegiant shall allow pilots who lose their medical certification to perform light work duty at their home base whenever practical—rather than mandating that they perform light duty work in Las Vegas, Nevada—in accord with the PWR and the past, customary practice of Allegiant.  If pilots are required to travel to Las Vegas for such work, it should be at the company's expense.[4]

11
12
13
(2) Allegiant shall reinstate the pay protections for pilots engaged in negotiations for a new collective bargaining agreement, pilot grievance proceedings, and committee work that directly affects Allegiant or its relationship with its pilots, in accord with the PWR and the prior, customary practice during Allegiant's relationship with AAPAG.[5]

14
15
(3) Allegiant shall follow the parental leave provisions for the birth/adoption of a child as set forth in the PWR.  Specifically, pilots shall have five "working" (rather than calendar) days off for such an event.[6]

16
17
18
(4) Allegiant shall modify its current Merlot pilot scheduling system to better respect pilot seniority and to provide greater transparency and predictability for the pilots.  Allegiant will be afforded a reasonable time in which to accomplish such revisions; in the meantime, it may continue to utilize Merlot.  The parties will be required to submit status reports on the progress of such revisions.  The failure of either side to act in good faith likely will result in sanctions.[7]

19

20        This last term, regarding scheduling, is admittedly somewhat broad and vague.  To

21    appropriately craft a possible injunction, I need input on the proper scope of such injunctive

22    relief.  I am particularly concerned about the scope of any mandated changes to the pilot

23    scheduling system, and the possible effects of those changes on Allegiant's compliance with FAA

24 _____

25    [3] 567 F.3d 1043 (9th Cir. 2009).

26    [4] (PWR at 45, Dkt. No. 51-5 at 52.)

   [5] (*See id.* at 37.)

27    [6] (*Id.* at 44.)

28    [7] (*Id.* at 21.)

1  regulations and its ability to maintain regular flight operations.  Accordingly, the parties'

2  supplemental briefs shall also discuss the proper scope of an injunction, and include specific,

3  practical suggestions.  To alleviate Allegiant's concerns, its brief on the scope and terms of a

4  possible injunction will not be deemed a waiver of any objection to this Court's jurisdiction.

5       The parties' supplemental briefs shall be filed by Friday, June 13, 2014.  I will hear oral

6  argument on the supplemental briefing on Wednesday, June 18, 2014 at 9:45 a.m.

7       DATED this 9th of June, 2014.

8

9

          ANDREW P. GORDON

10            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28