UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINES DIVISION; AIRLINE PROFESSIONALS ASSOCIATION OF THE IBT, LOCAL UNION NO. 1224,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGIANT AIR, LLC; ALLEGIANT TRAVEL COMPANY,<br><br>Defendants. | Case No. 2:14-cv-00043-APG-GWF<br><br>**ORDER IMPOSING BOND AS SECURITY FOR PRELIMINARY INJUNCTION**<br><br>(Dkt. #80) |

Defendants Allegiant Air, LLC and Allegiant Travel Company (collectively, "Allegiant") moved (Dkt. #80) for the imposition of an injunction bond in connection with the Preliminary Injunction (Dkt. #79) that I entered on July 22, 2014. (Dkt. #80)  On July 25, 2014, I stayed the effect of the injunction so the parties could brief the issue of the bond.  After consideration of the parties' briefs, I conclude that a bond in the amount of $175,000 is adequate security to recompense Allegiant should the injunction be deemed improvident or erroneous. 29 U.S.C. § 107; Fed.R.Civ.P. 65(c).

Section 7 of the Norris-LaGuardia Act, 29 U.S.C. § 107, provides:

> No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage **caused by the improvident or erroneous issuance of such order or injunction**, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

Federal Rule of Civil Procedure 65(c) contains a similar provision, but it does not include a requirement for the bond to cover attorneys' fees.  Rule 65(c) "does 'not modify any statute of the United States relating to ... preliminary injunctions in actions affecting employer and

employee....'" *Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) (internal citations omitted). Thus, the injunction I issued will be conditioned upon the posting of security as required under 29 U.S.C. § 107, including an amount for attorneys' fees.

Allegiant requests a bond in the amount of $350,000. That amount is based on its counsel's estimate that Allegiant will incur $75,000 in attorneys' fees to appeal the injunction order, $200,000 in legal fees defending against permanent injunctive relief, and $50,000 in legal fees arbitrating the "company business" minor dispute before a System Board of Adjustment.[1] (Dkt. #80 at 5:22-6:5; Dkt. #80-1 at 2:9-27.) Allegiant's estimates are too high.

Allegiant apparently has incurred $14,000 in fees and expenses associated with the appeal of the injunction order. (Dkt. #87-1 at 2:18-23.) Based on the evidence submitted, it does not appear likely that an additional $61,000 would be incurred in connection with the appeal of the injunction. Rather, I estimate that the fees and expenses of such an appeal are likely $35,000. Similarly, Allegiant's estimated $200,000 in fees and expenses for the remainder of this case seems high, given that the preliminary injunction hearing previewed most of the issues for trial. Rather, I estimate that the fees and expenses for the remaining tasks are likely $120,000. Finally, Allegiant estimates that it will incur $50,000 in legal fees arbitrating the "company business" minor dispute before a System Board of Adjustment. Again, that estimate is high. Arbitration is designed to be more efficient, less costly and quicker than litigation. I estimate that the fees and expenses for arbitrating this narrow issue should be approximately $20,000. Thus, a bond in the total amount of $175,000 should be sufficient to satisfy the purposes of 29 U.S.C. § 107.

Given Allegiant's concern that I or the Ninth Circuit might ultimately limit its recovery to the amount of the bond, I hereby confirm that the parties may move to increase or decrease the

---

[1] This amount totals $325,000, not the $350,000 requested by Allegiant. Allegiant contends the additional $25,000 covers additional fees and expenses that may be incurred if it is required to engage in other "minor dispute" arbitrations pursuant to the injunction. (Dkt. #87 at 4:25-28, n. 2.)

amount of the bond as the case progresses and the potential damages, attorneys' fees and costs become more easily estimated.

IT IS HEREBY ORDERED that plaintiffs International Brotherhood of Teamsters, Airlines Division and Airline Professionals Association of the IBT, Local Union No. 1224 (collectively, the "IBT") shall post a bond in support of the Preliminary Injunction in the amount of $175,000. The Preliminary Injunction (Dkt. #79) will become effective upon posting of that bond.

DATED this 4th day of August, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE