UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINES DIVISION, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )   Case No. 2:14-cv-00043-APG-GWF |
| vs. | )   **ORDER** |
| ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC, | )   **Motion to Compel - #98** |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion to Compel Production of Rule 30(b)(6) Deponent (#98), filed on September 5, 2014. Plaintiff filed its Response (#106) on September 22, 2014 and Defendants filed their Reply (#109) on September 29, 2014. The Court conducted a hearing on this motion on October 9, 2014.

**BACKGROUND**

The Court hereby incorporates the Background and Discussion set forth in Order (#119) regarding Defendant's Motion to Compel Responses to Written Discovery (#97). Plaintiff International Brotherhood of Teamsters, Airline Division/Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 ("IBT" or " Union") has brought this action seeking to enjoin Defendants Allegiant Travel Company and Allegiant Air, LLC ("Allegiant") from unilaterally eliminating or changing provisions of the Pilot Work Rules, which the Union alleges is a binding collective bargaining agreement that was negotiated by the Allegiant pilots' former collective bargaining representative, the Allegiant Air Pilots Advocacy Group (AAPAG). Allegiant denies that the AAPAG was the pilots' collective bargaining representative or

that the Pilot Work Rules constitutes a binding collective bargaining agreement. On July 22, 2014, the District Judge granted the Union's motion for preliminary injunction. *Order (#79)*.

Allegiant has served the Union with a Notice of Deposition (hereinafter "Notice") to take the deposition of the Union in accordance with Fed.R.Civ.Pro. 30(b)(6). The Notice directed the Union to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify regarding 42 topics listed in the notice of deposition. The Union has objected to the Notice on the grounds that many of the topics are over broad and irrelevant. The Union has also objected to the Notice to the extent Allegiant seeks to discover information protected from disclosure under the First Amendment associational privilege.

Topics 1 through 8 of the Notice request a deponent to testify about (1) IBT's campaign to represent the Allegiant pilots; (2) the identity of all members of the IBT's organizing committee during its campaign to represent the Allegiant pilots; (3) and (4) the methods of communication used by IBT, or its organizing committee, to communicate with pilots during its campaign; (5) all discussions or communications between IBT and members of its organizing committee relating to IBT's campaign to represent the Allegiant pilots, "including but not limited to any and all communications regarding or referencing the Pilot Work Rules ('PWR') or the Allegiant Air Pilots Advocacy Group ('AAPAG');" (6) all documents provided to IBT by Allegiant pilots during its campaign to represent the pilots, "including but not limited to any and all documents regarding or referencing the PWR or AAPAG;" (7) all communications from IBT's organizing committee (or members thereof) to Allegiant pilots relating to IBT's campaign to represent the Allegiant pilots, "including but not limited to any and all communications regarding or referencing the PWR or AAPAG;" and (8) all communications from IBT to the Allegiant pilots during the IBT's campaign to represent the Allegiant pilots, "including but not limited to any and all communications regarding or referencing the PWR or AAPAG." *Motion to Compel (#98), Exhibit 1.*

Topics 9-21 of the Notice request a deponent to testify about (9) and (10) discussions or communications between IBT and AAPAG prior to and after IBT's certification by the NMB, (11) IBT's representation application and other submissions filed with the NMB during its efforts to become the representative of the Allegiant pilots; (12) communications from the NMB to the

parties during the IBT's efforts to become the representative of the Allegiant pilots and IBT's response thereto; (13) IBT's position before the NMB regarding whether the Allegiant pilots were already represented for purposes of collective bargaining; (14) IBT's position before the NMB regarding whether the Allegiant pilots were subject to a collective bargaining agreement; (15) IBT's claim in paragraph 8 of its complaint that AAPAG represented the Allegiant pilots for purposes of collective bargaining under the RLA; (16) IBT's claim in paragraph 8 of its complaint that AAPAG was voluntarily recognized by Allegiant as the elected and representative body of the pilot group of Allegiant Air; (17) IBT's claim that AAPAG collected dues from its members and represented their interests against Allegiant; (18) IBT's claim that the PWR was a collective bargaining agreement; (19) IBT's claim in paragraph 14 of its complaint that Allegiant refused to negotiate a system board of adjustment; (20) IBT's position regarding whether AAPAG was a representative of the pilots under the Railway Labor Act ("RLA"), whether the PWR was a collective bargaining agreement, whether PWR was enforceable, and/or whether Allegiant could unilaterally make changes despite the PWR; and (21) the letter sent by the IBT to Allegiant on September 11, 2012, including but not limited to the basis for the positions stated by IBT in that letter. *Id.*

Topics 22-30 of the Notice request a deponent to testify about the injuries or damages allegedly suffered by the Allegiant pilots as a result of the elimination or modification of provisions in the Pilot Work Rules; the provisions of the PWR that were allegedly violated by Allegiant; IBT's ability to compensate Allegiant pilots who are engaged in collective bargaining negotiations with Allegiant; and how IBT-represented employees at other airlines are compensated for time spent in negotiating collective bargaining agreements or conducting other business on behalf of IBT.

Topic 31 of the Notice requests a deponent to testify about items sought in Allegiant's Request for Production No. 9 which is addressed in Order (#119). Topic 32 requests a deponent to testify about all disputes or appeals ever filed by AAPAG, IBT or any individual pilot pursuant to Section 8 (the Open Door Policy) of the PWR, any response by Defendants to such disputes or appeals, and any correspondence between AAPAG or IBT and pilots (individuals or groups) related to those disputes or appeals. Topic 33 requests a deponent to testify about the source and substance

of any and all information, documents or data that came into the possession or control of IBT between June 29, 2012 and September 11, 2012 that led to or related to IBT's change of position regarding whether the Allegiant pilots were previously represented by AAPAG and whether the PWR is a collective bargaining agreement, including when and how such information, documents and data came into IBT's possession, and any discussions relating to such information, documents and data.

Topics 34-39 of the Notice request a deponent to testify about matters relating to IBT's efforts to be certified as the collective bargaining representative for the pilots of Horizon Airlines.

Topics 40-42 of the Notice request a deponent to testify about the documents produced by IBT in response to Allegiant's requests for production of documents, IBT's responses and objections to Allegiant's interrogatories, and IBT's responses and objections to Allegiant's requests for admissions.

## **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevancy under the rule is liberally construed. *Philips v. Clark County School District*, 2012 WL 135705, *4 (D.Nev. 2012), citing *E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D.Nev. 2006). The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome or not relevant. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 253–4 (S.D.Ind. 2000). To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. *Id.,* citing *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D.Ill. 1990); *Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D.Cal. 1999). When a request for discovery is overly broad on its face or when relevancy is not readily apparent, however, the party seeking the discovery has the burden to show the relevancy of the request. *Rezaq v. Nalley,* 264 F.R.D. 653, 656 (D.Colo. 2010).

The claims asserted and the relief sought by the Union in this action are limited. It seeks an injunction to prevent Allegiant from eliminating or modifying provisions of the Pilot Work Rules ("PWR") while the Union and Allegiant are engaged in negotiations for a collective bargaining

agreement under provision of the Railway Labor Act.  The Union also seeks compensation or restitution for those pilots who have allegedly suffered injury as a result of Allegiant's elimination or modification of the Pilot Work Rules.  In its defense to the Union's action, Allegiant asserts that AAPAG was not the pilots' collective bargaining representative within the meaning of the Railway Labor Act and that the Pilot Work Rules did not and do not constitute a binding collective bargaining agreement between Allegiant and the AAPAG, as representative of the pilots.  These are the claims and defenses on which discovery is appropriate and with respect to which Allegiant is entitled to conduct a Rule 30(b)(6) deposition of the Union.

This action does not provide a legitimate basis for Allegiant to engage in a broad inquiry into the Union's campaign to represent the Allegiant pilots, including an inquiry into any and all communications by or among the Union, the AAPAG and the Allegiant pilots.  Topics 1through 8 of the Notice are clearly over broad and irrelevant to the extent that they are not restricted to the claims and defenses at issue in this action.  The Court therefore denies Allegiant's motion to compel with respect to topics 1-8, to the extent the inquiry under those topics is not specifically related to the claims and defenses at issue in this action.

Topics 9-21 and 31-33 are relevant to the extent they inquire into the basis for the Union's assertions that the AAPAG was the pilots' collective bargaining representative or that the Pilot Work Rules was a binding collective bargaining agreement.  Topics 22-30 are also relevant to the claims and defenses in this action and a proper subject of the Rule 30(b)(6) deposition.  To the extent the parties have reached agreement on the scope of the damages or restitution that the Union seeks on behalf of individual pilots, however, the inquiry under these topics may be limited by that agreement.  Allegiant may also appropriately question the Union about its answers to interrogatories, responses to requests for production of documents or responses to requests for admissions – Topics 40-42.  The Union is therefore required to produce a deponent(s) to testify on these topics as they relate to the claims and defenses in this action.

In its defense, Allegiant has cited allegedly contradictory positions taken by the Union, before or after its certification by the NMB as the pilots' collective bargaining representative, as to whether the AAPAG was the pilots' collective bargaining representative or the Pilot Work Rules

was a binding collective bargaining agreement.  Although the District Judge was not persuaded by this evidence in ruling on the motion for preliminary injunction, s*ee Order Granting Motion for Preliminary Injunction (#79), pg. 12*, Allegiant is entitled to depose the Union with respect to its statements or positions on these issues.  Allegiant, however, also seeks to depose the Union in regard to positions it allegedly took during an organizing campaign of Horizon Airlines pilots or during proceedings before the National Mediation Board in that matter.  The apparent purpose of this discovery is to again show that the Union has taken contradictory positions.  The Court finds that positions taken by the Union in the Horizon matter are irrelevant to the claims and defenses in this action.  The Union therefore is not required to produce a deponent to testify about the Horizon matter.  This decision, however, is predicated on the Union not attempting to introduce evidence relating to the Horizon matter in support of its position in this case.

As the Court stated in Order (#119), the First Amendment associational privilege precludes Allegiant from generally inquiring into the identity of individual Allegiant pilots who were or are members of the AAPAG or the Union, or who have attended organizing or membership meetings or taken positions in support of the Union or the AAPAG.  The privilege, however, does not bar Allegiant from obtaining answers to questions relating the Union's claims for restitution or damages on behalf of individual pilots, or from inquiring into specific instances in which Allegiant allegedly violated a pilots' rights under the Pilot Work Rules, including the identity of the pilots whose rights were violated.  Nor does it preclude Allegiant from obtaining information which identifies officers or representatives of AAPAG or the Union who have made statements on behalf of those entities relevant to the issues in this case.  The validity of objections based on the First Amendment privilege must ultimately be determined on a question-by-question basis.  Accordingly,

. . .

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Production of Rule 30(b)(6) Deponent (#98) is **granted**, in part, and **denied**, in part, in accordance with the foregoing provisions of this order.

DATED this 13th day of November, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge